# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN H. SCRIVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV381 TCM |
| | ) | |
| JEFFERSON COUNTY SHERIFF'S | ) | |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 166363), an inmate at Franklin County Adult Detention Facility, for leave to commence this action without payment of the required filing fee [Doc. #2]. Also before the Court is plaintiff's motion for temporary restraining order. [Doc. #4] Due to extenuating circumstances, the Court will not assess a filing fee at this time.[1] However, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and the motion for temporary restraining order should be denied.

---

[1] In another case filed by plaintiff, he and his co-plaintiff asserted that it was virtually impossible to attain an inmate account statement from the Franklin County Adult Detention Facility, even going so far as to file a motion for injunctive relief requiring Franklin County to assist in this process. See, e.g., McMahan and Scrivens v. Franklin County Adult Detention Facility, et al., 4:08CV406 MLM. Due to these allegations, the Court will forgo the requirement of the initial partial filing fee in this instance.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: the Jefferson County Sheriff's Office, the Jefferson County Detention Center, Gael Wood (Judge), Unknown Calvin (doctor),

Kim Butler (nurse), and John Doe (public defender). The sum total of plaintiff's allegations are as follows.

Plaintiff alleges that after an accidental fall at the Jefferson County Detention Center he "smashed" into a pod door causing property damage. Plaintiff claims that he was denied medical attention (for an unspecified injury) after his fall and instead, "maliciously prosecuted" and disciplined for the subsequent property damage. Plaintiff asserts that he was later transferred to Franklin County Jail and nurse Butler told him that he needed medical attention, whereupon he was seen by a doctor the very next day. Plaintiff states that Judge Wood told him that he had a "legitimate lawsuit" and released him from confinement on "OR" bond. In a supplement to plaintiff's complaint, plaintiff alleges that an unnamed public defender, representing him in his criminal proceedings, declined to file a motion for temporary restraining order in his case because it was submitted by another prisoner.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a

government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Jefferson County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Even if plaintiff had made allegations against defendants in their individual capacities, his claims would still be subject to dismissal. Although plaintiff has named defendants Butler, Calvin and Wood as defendants in this lawsuit, he has not alleged any wrongdoing by any of these defendants. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff's failure to set forth facts indicating that

defendants Butler, Calvin and/or Wood[2] were directly involved in, or personally responsible for, the alleged violations of his constitutional rights is fatal to his claims against these defendants.

Similarly, plaintiff's claims against the Jefferson County Detention Center and the Jefferson County Sheriff's Office are legally frivolous because the they are not suable entities. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004). Moreover, to the extent that plaintiff is attempting to bring claims against his public defender for failing to file a motion, drafted by another inmate, on his behalf, these claims are also legally frivolous. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). For all of the aforementioned reasons, plaintiff's complaint is legally frivolous and/or fails to state a claim upon which relief can be granted.

---

[2] Even if plaintiff had made allegations against defendant Wood, these allegations would be legally frivolous as Judge Wood is "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

Lastly, the Court notes that plaintiff filed a "motion for temporary restraining order," on or about March 27, 2008, asking that a restraining order be placed on the Jefferson County Detention Center. Plaintiff's motion is devoid of any mention of the persons he wishes to have restrained, any injury he has suffered and/or any indication of the exact behavior he wishes to have restrained. Rather, plaintiff states only that "officers, according to defendant [sic] Scrivens even bribed inmates with food to physically harm him" and that "after an accident occurred officers denied him medical attention and threatened him with physical harm." Plaintiff's failure to identify the specific officers and their alleged wrongdoing, as well as his failure to allege an injury and/or link the purported injury to the conduct asserted in the complaint, is fatal to his request for injunctive relief. See, e.g., Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Additionally, the Court notes that he is no longer housed at the Jefferson County Detention Center, accordingly, his request for restraining order is moot. Consequently, the motion for temporary restraining order will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, because of extenuating circumstances present in this litigation, plaintiff is excused from paying the initial partial filing fee.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  24th  day of April, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT COURT